STEPHEN LONGFELLOW & al. *versus* ANDREW SCAMMON & al.

The poor debtor's oath must be administered within six months from the date of the bond, or the proceedings will not furnish a legal defence to an action on a poor debtor's bond, or afford the defendants any protection.

DEBT on a poor debtor's bond, dated at Calais, Feb. 20, 1838, given by Scammon, as principal, and by the other defendants as his sureties, to procure the release of the principal from arrest on an execution in favor of the plaintiffs. The condition of the bond recited the judgment and arrest on the execution, and concluded thus:— "Now if the said Andrew Scammon shall within six months from the date hereof cite the said S. Longfellow & Son to appear before two justices of the peace, *quorum unus*, and then and there shall submit himself to examination and take the oath as prescribed in the tenth section of the act entitled 'An act for the relief of poor debtors,' or pay the debt, interest, cost, and fees arising on said execution, or be delivered into the custody of the jailer of said county, then the above bond shall be void, otherwise remain

in full force." The creditors were notified to appear before two justices of the peace and of the *quorum* at a certain place and hour of the day in Bangor, on the 22d of August, 1838, two days after the expiration of six months from the date of the bond, when and where Scammon appeared, and the justices administered to him the poor debtor's oath.

SHEPLEY J. before whom the case came on for trial, was of opinion, that these proceedings did not constitute a legal defence, or afford the defendants any protection, because the oath was not taken within six months from the date of the bond. The defendants thereupon consented to be defaulted, which default was to be taken off, if the opinion was erroneous.

At the April Term, 1842, it was agreed that the case should be argued in writing, but no arguments have come into the hands of the Reporter.

*Longfellow, Sen. & Jr.* for themselves.

*Willis* and *Fessenden*, for the defendants.

The opinion of the Court was prepared by

TENNEY J. — Two justices of the peace and quorum of the county of Penobscot, have in due form certified, that the creditors were properly notified of the intention of the principal in the bond, and they have administered to him the oath prescribed in the statute for the relief of poor debtors. The Judge, who presided at the trial, expressed an opinion, that although the creditors were cited within six months from the date of the bond, yet as the oath was not attempted to be taken till afterwards, the defence failed.

It is contended by the defendants' counsel, that the statute requires only, that the citation should be served within the six months. We think the language of the act, of itself, clearly imports a different intention in its authors. If the oath is not to be taken within that time, there is no limit fixed beyond which the oath cannot be taken, provided the citation is seasonably made and served. This would entirely, in effect, take from the creditor, all the security, which the Legislature, we think, intended ; and would render useless this part of the act,

The case of *Moore* v. *Bond*, 18 Maine R. 142, by implication gives a construction inconsistent with the defendants' position.

Again, it is insisted, that the *terms used* in the condition of *this bond*, do not require that the oath should be administered within six months from its date ; and as the service of the citation was made within that time, there has been a full compliance with its condition.   It is true, that bonds clearly departing from the provisions of the statute, cannot be regarded as statute bonds, although it may be *supposed* the parties intended them as such.   The intention of the parties must be derived from the language of the whole bond taken together, in connection with the subject matter thereof.   It is manifest that this bond was not carefully and skilfully drawn.   But there is no form of words required.   Yet notwithstanding that, if important statutory provisions are omitted, it can be treated only as a bond at common law.   The language used in the condition of the bond, which we are now considering is, " Now if the said Andrew Scammon shall within six *months* from the date hereof cite the said S. Longfellow & Son, to appear before two justices of the peace, *quorum unus*, and then and there shall submit himself to examination and take the oath as prescribed in the tenth section of the act, entitled " an act for the relief of poor debtors," &c.   It is insisted that the word " *then*" refers to the time which shall be fixed in the citation for the caption of the oath.   When this term is used in reference to *time*, it properly relates to some antecedent *expressed*, rather than to one *implied ;* and on the construction contended for, we must suppose, that the term " *six months*" is not the antecedent, but that it is embraced wholly in the word " *cite*," which implies action and not substance. " *Six months*" immediately precedes the word " *then*," and we think, when we look at the occasion of taking the bond, that we should do violence to the language used, to say the reference was not to that time and no other.

We do not consider, that the word " *there*," being connected with the word " *then*," weakens the construction adopted, for we may as well suppose the latter to refer to the place fixed

upon by the statute, as to that which may be selected by the debtor and referred to in the citation.

But the oath is to be taken " as prescribed in the tenth section of the statute." Now if the statute requires, that the oath should be taken within six months from the time of giving the bond, as we have no doubt it does, it could not be taken " as prescribed in the statute," unless taken within the six months.

It is unnecessary to examine any other points which might have been raised by the parties in the argument, as the views we have taken satisfy us that the default should stand.